IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00380-BNB

JASON LARAY JOHNSON,
    Applicant,

v.

GEORGE DUNBAR, Warden B.V.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,
    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 2 2 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Jason Laray Johnson is a prisoner in the custody of the Colorado Department of Corrections at the Buena Vista Correctional Facility in Buena Vista, Colorado. Mr. Johnson initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 4, 2009, Mr. Johnson filed an amended application on the proper form and on April 13, 2009, he filed a second amended application. Mr. Johnson is challenging the validity of his conviction in Arapahoe County District Court case number 07CR1506.

In an order filed on April 16, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action. On May 4, 2009, Respondents filed their Pre-Answer Response. On May 21, 2009, Mr. Johnson filed a reply to the Pre-Answer Response and an amended reply to the Pre-Answer Response.

The Court must construe the second amended application and other papers filed by Mr. Johnson liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Johnson agreed to plead guilty to one count of vehicular eluding and one count of possession of a weapon by a previous offender. He was sentenced to eight years in prison and two years of mandatory parole. Mr. Johnson did not file a direct appeal. However, he has filed a number of postconviction motions in the trial court challenging the validity of his conviction. The Court received the instant action for filing on February 17, 2009.

Mr. Johnson asserts two claims in the second amended application arguing that his federal constitutional rights have been violated. He first claims that the trial court lacked jurisdiction in his criminal case because the offenses for which he was convicted were not committed within Arapahoe County. Mr. Johnson's second claim is an ineffective assistance of counsel claim.

Respondents concede in their Pre-Answer Response that this action is timely. However, Respondents argue that the action should be dismissed because Mr. Johnson's claims were not presented fairly to the state courts and now are procedurally barred.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies

or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); ***Dever v. Kansas State Penitentiary***, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See* ***Castille v. Peoples***, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also **Nichols v. Sullivan***, 867 F.2d 1250, 1252 (10th Cir. 1989). Fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution." *Picard*, 404 U.S. at 278 (internal quotation marks omitted). However, "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." ***Anderson v. Harless***, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See **Duncan v. Henry***, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has presented his claims fairly to the state appellate courts and exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

3

Mr. Johnson maintains that the claims he is asserting in this action were raised in the trial court in a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure filed on December 26, 2008. The trial court denied Mr. Johnson's Rule 35(c) motion on January 14, 2009. Respondents argue that Mr. Johnson's claims were not presented fairly to the state appellate courts because Mr. Johnson did not appeal from the trial court's January 14 order. Respondents further argue that, because the time for filing an appeal has expired, Mr. Johnson's claims are procedurally defaulted. Mr. Johnson concedes that his claims are procedurally defaulted because he did not appeal the trial court's January 14 order.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Johnson's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Johnson must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include interference by officials that makes compliance

4

with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." ***McCleskey v. Zant***, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).

Mr. Johnson argues that he can demonstrate cause for his state court procedural default because state officials made it impracticable to file a notice of appeal from the trial court's January 14 order. Mr. Johnson specifically alleges in support of this argument that he did not receive a copy of the trial court's January 14 order until February 2, 2009, which significantly reduced the amount of time available to file a notice of appeal under state law; that he was placed in segregation on February 7, 2009, which reduced his access to the law library and the legal resources necessary to file a notice of appeal; and that his copy of the trial court's January 14 order and other legal papers relevant to his criminal case were confiscated by prison officials when he was placed in segregation on February 7, 2009, and not returned to him.

The Court does not agree that the circumstances alleged by Mr. Johnson demonstrate his ability to file a notice of appeal from the trial court's January 14 order was impeded by some objective factor external to the defense. The Court notes initially that Mr. Johnson never mentioned in his original application filed in this action that he was unable to file a notice of appeal from the trial court's January 14 order. In fact, Mr. Johnson stated in his original application that he intentionally was bypassing the state appellate courts in favor of pursuing his claims in federal court.

> The Petitioner has not fairly presented these claims to the highest Court because they do not have Jurisdiction to answer these claims due to petitioner [sic] guilty plea entered thereon, surrendering his rights to appeal and or challenge the conviction to the highest Court. There further

5

> is no other state remedy available to this petitioner that can satisfy and or grant to him the relief entitled to him from the unlawful conviction and Judgement [sic]. Violation of Subject matter Jurisdiction, and due process of law afforded to Petitioner by Federal United State [sic] Constitution Amend V, VI, XIV(1) and being detained and held on such violation are directed to this U.S. District Court by the way of Habeas Corpus. These claims demands [sic] the immediate addressing of the U.S. District Court due to the grave miscarriage of Justice and abuse of discretion occuring [sic] and the interpolation the district Court of Arapahoe is utilizing to deny this Petitioner his entitled relief.

(Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. [§] 2254, filed Feb. 24, 2009, at unnumbered p.4.) At another point in the original application, Mr. Johnson provided yet another reason why he was proceeding directly to federal court rather than pursuing an appeal within the state courts after the trial court rejected his Rule 35(c) motion.

> The court cited no Rule or law which requires the Petitioner to supply material already present in the record to support a claim of U.S. Constitutional and Colorado Constitutional violations. And because of this obvious abuse of Judicial authority by the trial court, extreme prejudice to deny his entitled relief and the clear violation of the Petitioner [sic] Federal United [sic] Constitutional rights in Amend. VI and XIV and also Petitioner [sic] illegal detainment in cause of these violation [sic] and prejudice, Petitioner comes directly to this United States District Court for protection and the entitled relief.

(*Id.* at unnumbered p. 8.)

The Court also notes that Mr. Johnson managed to draft and file the instant action during the time that he allegedly was unable to file a notice of appeal from the trial court's January 14 order. The passages from Mr. Johnson's original application quoted above demonstrate that he was aware of the trial court's order denying his Rule

35(c) motion when he drafted the original application and the date on the signature page of the original application is February 12, 2009, just five days after Mr. Johnson alleges he was placed in segregation on February 7, 2009, and just ten days after he alleges he received a copy of the trial court's January 14 order. The certificate of mailing attached to the original application also is dated February 12, 2009, and a cover letter Mr. Johnson submitted to the Court with the original application clearly states that he was in segregation when this action was filed. Although it is possible Mr. Johnson began drafting his federal application prior to his placement in segregation on February 7, his ability to draft and file the original application in this action within ten days after receiving the trial court's January 14 order undercuts his argument that he was unable to file a notice of appeal to the Colorado Court of Appeals.

Finally, Mr. Johnson fails to explain why he did not seek an extension of time from the Colorado Court of Appeals if state officials were preventing him from filing a notice of appeal. Pursuant to Rule 26(b) of the Colorado Appellate Rules, "[t]he appellate court for good cause shown may upon motion enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time." Therefore, the Court finds that Mr. Johnson fails to demonstrate any good cause for his state court procedural default.

Mr. Johnson also argues that he can demonstrate the existence of a fundamental miscarriage of justice because he did not receive a copy of the trial court's January 14, 2009, order for nineteen days. The Court does not agree that Mr. Johnson's delayed receipt of a copy of the trial court's order establishes a fundamental miscarriage of justice that could overcome his failure to file a notice of appeal from that

order. A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Furthermore, a "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In order to demonstrate a fundamental miscarriage of justice, Mr. Johnson first must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Id.* Mr. Johnson then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

Mr. Johnson fails to present any new reliable evidence that demonstrates he is actually innocent. Therefore, he has not demonstrated that a failure to consider his claims will result in a fundamental miscarriage of justice.

In summary, Mr. Johnson concedes that his claims were not fairly presented to the Colorado appellate courts and now are procedurally defaulted. The Court finds that Mr. Johnson fails to demonstrate either cause and prejudice for his procedural default or that a failure to consider his claims will result in a fundamental miscarriage of justice. Therefore, the claims are procedurally barred and must be dismissed. Accordingly, it is

ORDERED that the habeas corpus application, the amended application, and the second amended application are denied and the action is dismissed because the claims are procedurally barred.

DATED at Denver, Colorado, this 19 day of June, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00380-BNB

Jason Laray Johnson
Prisoner No. 88305
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

Christopher Y. Bosch
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/22/09

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk